REGAN, Judge.
Plaintiffs, Luther J. Anderson and his wife, Mabel Russell Anderson and Motors Insurance Corporation, their collision in *120 surer, instituted this suit against the defendants, Joseph Bondi and Nola Cabs, Inc., endeavoring to recover the sum of $557.25, representing property damages incurred by the Anderson automobile when it was struck by a taxicab operated by Bondi as it moved from the right into the left traffic lane of the Airline Highway close to where the highway is intersected by the Little Farms Road.
The defendants answered and admitted the occurrence of the accident, but denied liability for the damages resulting therefrom asserting that the proximate cause of the accident was the negligence of Mrs. Anderson, and in the alternative pleaded her contributory negligence.
From a judgment in favor of the defendants dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that this accident occurred on the Airline Highway close to where it is intersected but not crossed by the Little Farms Road. The maximum speed permitted in this area is 45 miles per hour. The highway consists of two inbound and two outbound lanes separated by a relatively narrow neutral ground. Mrs. Anderson was driving at a speed of about 35 miles per hour in the right inbound lane approaching the City of New Orleans. A Louisiana Transit Company bus was immediately ahead of her. The operator of the taxicab, Joseph Bondi, was moving at a speed of about 45 miles per hour in the same direction but in the left traffic lane about 100 to 125 feet to the rear of the bus. As the vehicles approached Little Farms Road, Mrs. Anderson observed that the bus was preparing to stop in order to discharge passengers, and she therefore drove her vehicle from the right into the left lane of traffic. The operator of the taxicab immediately applied his brakes, but was unable to avoid the accident that resulted in the property damages which form the subject matter of this suit.
Mrs. Anderson’s testimony was inconsistent in several pertinent respects which neither she nor counsel was able to reconcile. She asserted that she was travelling at a speed of 35 miles per hour and was approximately 100 feet behind the bus when it stopped; she looked in her rear-view mirror, observed no traffic approaching and then without manifesting a hand signal of her intention, drove into the left lane of the road. When she was in this lane and parallel with the bus she “stopped” or “almost did” because she saw a blinking caution light in the intersection and a truck approaching the highway from the Little Farms Road. As she waited to ascertain whether the truck was going to enter the highway, her vehicle was struck in the rear by the taxicab driven by Bondi.
On the other hand, Bondi testified that as he was driving at a speed of approximately 45 miles per hour in the left lane of the inbound roadway, he observed the bus about 100 feet in front of him come to a stop in the right lane of the highway. Simultaneously he saw the Anderson vehicle suddenly move into the left lane from right behind the bus. He applied his brakes but could not avoid colliding with the Anderson vehicle which had stopped in the left lane of the highway close to where it is intersected by the Little Farms Road.
Albert Mailhes, a member of the Louisiana State Highway Police, who investigated the accident and who was summoned as a witness by the plaintiffs, testified, in contradicting Mrs. Anderson, that when he arrived on the scene of the accident one of the first things he noticed was that the caution light at the intersection was not functioning. He also asserted that the posted speed in that zone was 45 miles per hour.
Robert Wells, who operated a truck for Maison Blanche, related that he was driving on the opposite side of the highway moving toward Baton Rouge, and had reached the Little Farms Road when the accident occurred. While he did not see the movement of the vehicles before the accident, he was positive that no truck enter *121 ing the highway from the Little Farms Road could have caused Mrs. Anderson to stop or slow up because none was there.
Plaintiffs contend that the cause of the accident was the negligence of the operator •of the taxicab in driving at such a speed that he could not bring his vehicle to a stop in time to avoid striking the Anderson car.
The defendants, however, insist that Mrs. Anderson drove from behind the bus and into the path of the taxicab so suddenly that it was impossible for the operator thereof to avoid the collision.
The trial judge obviously found the facts to be in conformity with the contentions ■of the defendant. The only question which this appeal has posed for our consideration is whether that factual finding is so •erroneous as to warrant a reversal by us.
We have carefully examined the record and are fully convinced that it supports the conclusion reached by the trial • court. The accident obviously occurred because Mrs. Anderson, if she actually did look into her rearview mirror, failed to •observe the approach of Bondi’s taxicab when she suddenly decided to drive from 'the right into the left lane of the Airline Highway. Certainly the taxicab, which was not driving in excess of the posted speed limit, was very close to Mrs. Anderson’s vehicle and if she had looked prior to engaging in this sudden maneuver there was nothing to obstruct her view of its approach. Whatever the operator of a motor vehicle can see she must see, and in legal contemplation she does see. Her failure to observe the imminent approach ■of the taxicab which she could have seen by the diligent exercise of the sense of sight was the proximate cause of the accident.
While plaintiffs’ counsel did not plead the doctrine of last clear chance in the lower court, he has both in brief and •oral argument before this court insisted that the operator of the taxicab possessed the last clear chance to avoid the accident. In relying on the doctrine of last clear chance, counsel has, in effect, admitted Mrs. Anderson’s negligence. However, we find no merit in this contention for the reason that the proximate cause of the accident was the impetuous movement of Mrs. Anderson’s vehicle from a point of relative safety into the path of the taxicab at a moment when it was too late from the standpoint of both time and distance for Bondi to do anything to circumvent the impending accident.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.